# IN THE COURT OF APPEALS OF IOWA

No. 20-0713
Filed November 3, 2021

**DONALD ANTONIO VAUGHN,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.
_____

　　Appeal from the Iowa District Court for Polk County, Jeffrey Farrell, Judge.

　　Donald Antonio Vaughn appeals the summary dismissal of his third application for postconviction relief. **AFFIRMED.**

　　Cathleen J. Siebrecht of Siebrecht Law Firm, Des Moines, for appellant.

　　Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee State.

　　Considered by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**BOWER, Chief Judge.**

Donald Antonio Vaughn appeals the summary dismissal of his third application for postconviction relief (PCR).  Because Vaughn does not fit within the narrow exception to avoid the statutory three-year limitation period established in *Allison v. State*, 914 N.W.2d 866, 891 (Iowa 2018), we find no error in the dismissal of his untimely PCR application.

In 2006, Vaughn was convicted of murdering Matthew Glover.  *Vaughn v. State*, No. 11-0147, 2013 WL 5743668, at *1–2 (Iowa Ct. App. Oct. 23, 2013).  Over Vaughn's pro se objections, his direct appeal was dismissed by our supreme court as frivolous.  *Id.* at *2.  Procedendo issued on December 24, 2008.

In 2009, Vaughn filed his first PCR application, raising eight claims of ineffective assistance of trial and appellate counsel and four other claims.  *See id.*  The district court rejected all claims and dismissed his PCR application; we affirmed.  *Id.* at *5–9.  Procedendo issued on November 21, 2013.

Vaughn filed a second PCR application on May 26, 2015, which he later voluntarily dismissed.

Vaughn filed this third PCR application on May 6, 2019, asserting trial, appellate, and PCR counsel were ineffective.  The State moved for summary judgment, asserting the application was barred by the three-year limitation in Iowa Code section 822.3 (2019).

The district court dismissed the action, noting Vaughn "does not claim any new evidence that could not have been discovered within the three year statute of limitations," and ruling Vaughn's claims were untimely.  Vaughn appeals.

We review summary disposition rulings in PCR proceedings for legal error. *Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019).

Vaughn contends the district court improperly applied *Allison* in finding his PCR application is untimely. We disagree. *Allison* held,

> [W]here a PCR petition alleging ineffective assistance of trial counsel has been timely filed per section 822.3[1] and there is a successive PCR petition alleging postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim, the timing of the filing of the *second* PCR petition relates back to the timing of the filing of the original PCR petition for purposes of . . . section 822.3 *if the successive PCR petition is filed promptly after the conclusion of the first PCR ac*tion.

914 N.W.2d at 891 (emphasis added). *Allison* allowed a *second* PCR petition to relate back to the timing of a first PCR petition, but it is a very narrow exception. *Id.*; *see Davis v. State*, No. 20-0884, 2021 WL 4592813, at *2 (Iowa Ct. App. Oct. 6, 2021); *Long v. State*, No. 19-0726, 2020 WL 2061934, at *4 (Iowa Ct. App. Apr. 29, 2020). This court has repeatedly stated *Allison* only contemplated one round of relating back to the original timely filed application. *See Goode v. State*, No. 20-0282, 2021 WL 4889249, at *3 (Iowa Ct. App. Oct. 20, 2021) (collecting cases where we have held *Allison* does not apply to third or subsequent PCR applications).

Furthermore, Vaughn did not file this action until 2019, and procedendo issued on his first PCR action in 2013. Vaughn is hard-pressed to argue this third PCR application—filed almost six years after his first—could be considered

---

[1] Effective July 1, 2019, the legislature abrogated *Allison*. *See* Iowa Code § 822.3 (Supp. 2019) ("An allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section nor shall such claim relate back to a prior filing to avoid the application of the limitation periods.").

"promptly" filed under *Allison*. *See Thompson v. State*, No. 19-0322, 2020 WL 2060310, at *3–4 (Iowa Ct. App. Apr. 29, 2020) (collecting cases addressing what is considered a "promptly" filed successive petition and noting "this third PCR action filed eighteen years after the conviction and fifteen years after the expiration of the three-year statute of limitations for PCR applications . . . . cannot meet the 'promptly' filed condition"); *see also Polk v. State*, No. 18-0309, 2019 WL 3945964, at *1 (Iowa Ct. App. Aug. 21, 2019) (finding a gap of nearly six months was not prompt).

On appeal, Vaughn alternatively asserts the three-year limitation period is unconstitutional. We find no mention of this claim below and, therefore, it is not preserved for our review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."); *accord Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012).

We affirm the summary disposition of Vaughn's PCR application.

**AFFIRMED.**